## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| MARY E. VILLAREAL, KENDRA N. RILEY, CHRISTI LONG, HENRY DALE RUSSELL, MICHAEL PALERMO, DAVID HOLLARS, ELIJIO GONZALEZ, CLYDE JACKSON, DERRICK GUINYARD, BARBARA. J. POWERS, STEVEN EGGENBERG, and all other similarly situated persons giving written consent to become Plaintiffs herein,  ) ) ) ) ) ) ) ) ) ) ) | ) ) ) ) ) ) ) ) ) ) )  No. _____ |
| Plaintiffs, ) | ) |
| v. ) | ) |
| PACER INTERNATIONAL, INC., ) | ) |
| Defendant. ) | ) |

## PLAINTIFFS' ORIGINAL COMPLAINT

### Parties, Jurisdiction, and Venue

1. This case arises under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), hereinafter " the FLSA." This Court has jurisdiction under 28 U.S.C. § 1331, relating to federal questions.

2. Venue is proper in the Dallas Division of the Northern District of Texas, in that substantially all of the operative facts occurred therein. Venue is proper in the Dallas Division of the Northern District of Texas as to all additional plaintiffs giving written consent to join this action under 29 U.S.C. § 216(b).

3. At all times relevant herein, Plaintiffs were employees of a now defunct corporation formerly known as Pacer Transport, Inc. Pursuant to 29 U.S.C. § 216(b), Plaintiffs have attached their written consents to this complaint. Pacer International, Inc., is a corporation

having its home office in Compton, California, and at all times relevant herein was the parent company of Pacer Transport, Inc., Plaintiffs' employer. Defendant was able to and did in fact control all relevant operations of Pacer Transport, Inc. Both before and after Defendant sold the operations of Pacer Transport, Inc., to Universal Truckload Services, Inc., Defendant was the employer of Plaintiffs within the meaning of 29 U.S.C. § 203(d).

4. Defendant may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

## Facts

5. Heretofore and within the period of the applicable statute of limitations, Defendant employed Plaintiffs to work in interstate commerce, within the meaning of the FLSA, as part of a transportation network consisting of approximately 130 agents, 480 owner-operators, and 99 company trucks. All Plaintiffs except Steve Eggenberg performed non-exempt work as dispatchers. Mr. Eggenberg performed non-exempt office work, coordinating repair operations of Pacer Transport, Inc. Defendant employed Plaintiffs in an enterprise engaged in commerce and having an annual gross sales and business volume of not less than $500,000.

6. At various times, Defendant ordered, directed, required, suffered, and permitted Plaintiffs and others to work in excess of 40 hours per week without paying them at the overtime rate required by the FLSA. At all times relevant herein, Defendant was subject to the FLSA and was thus obligated to compensate Plaintiffs and others in an amount not less than one and one-half times their regular hourly rates for all hours worked in excess of 40 per week. Notwithstanding such obligation, Defendant paid Plaintiffs and others similarly situated a flat salary, without regard to the number of hours of work and without any compensation at the required overtime rates.

7. During the period between three and two years prior to the filing of this complaint, Defendant's failure to pay overtime compensation to Plaintiffs and others consenting to become Plaintiffs herein was willful, within the meaning of 29 U.S.C. § 255(a), in that Defendant and its subsidiary acted in the face of a perceived risk that their pay practices violated Plaintiffs' federally protected rights.

8. It was necessary for Plaintiffs to retain the undersigned attorneys and agree to pay them fees for their services. Said attorneys' fees should be awarded as part of Plaintiffs' recovery herein, or alternatively taxed by the Court as part of the costs herein.

### Cause of Action

9. Defendant violated 29 U.S.C. § 207(a) by employing Plaintiffs and others similarly situated in an enterprise engaged in commerce for numerous workweeks longer than 40 hours without paying them compensation for their employment in excess of 40 hours per week at a rate not less than one and one-half times the regular rate for which they were so employed.

### Conclusion

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that, upon a final hearing hereof, they have and recover judgment from Defendant for the following:

1. Compensation for all of their overtime hours in an amount to be hereafter determined in accordance with the law of this Circuit expressed in *Fifth Circuit Pattern Jury Charges*, Section 11.1;

2. Liquidated damages equal to the overtime compensation in accordance with 29 U.S.C. § 216(b), or alternatively, prejudgment interest;

3. Similar awards of overtime compensation and liquidated damages to all persons who shall hereafter file their written consents to become parties herein;

4. Attorney fees and reasonable expenses incurred herein;

5. All costs incurred herein; and

6. Any other relief as to which Plaintiffs may show themselves justly entitled.

**RESPECTFULLY SUBMITTED** this 1st day of December, 2009.

/S/ Walter L. Boyaki
**WALTER L. BOYAKI**
4621 Pershing Drive
El Paso, Texas 79903-1017
915-566-8688
Fax 915-566-5906
Texas Bar No. 02759500

**OF COUNSEL:**

**MIKE MILLIGAN**
4171 N. Mesa, Suite B-201
El Paso, Texas 79902
915-544-5587
Fax 915-544-2773
Texas Bar No. 14148200

**WILLIAM B. HARRELL**
803 Pine Street
Texarkana, Texas 75501-5111
903-793-1041
Fax 903-793-6449
Texas Bar No. 09042250

**Attorneys for Plaintiffs**

## JURY DEMAND

Plaintiffs respectfully demand trial by jury herein.

/S/ Walter L. Boyaki
**WALTER L. BOYAKI**